UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACEK CHABA, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 4517 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jacek Chaba brings this *pro se* suit against the United States Postal Service, alleging that it misled him about having lost a package of deeply personal artifacts, when in fact it had wrongly sold his belongings to others. Doc. 1. The suit arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). *See id.* § 2679(a). The Postal Service moves to dismiss the suit under Civil Rules 12(b)(1) and 12(b)(6). Doc. 20. The motion is granted under Rule 12(b)(6), and the suit is dismissed without prejudice.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Chaba's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Chaba as those

1

materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

In 2019, Chaba's grandmother died in Poland. Doc. 1 at 2. He traveled to Poland for the funeral to pay his respects to the woman who had been his last remaining family member in the country. *Ibid*. After the funeral, Chaba filled two packages with documents and sentimental items and shipped them via international mail to his home in Willow Springs, Illinois. *Ibid*.

Chaba mailed the packages in October 2019, but one of them had yet to arrive by January 2020. *Ibid*. He went to the Willow Springs Post Office for help, and the local Postmaster told Chaba that he would look into it. *Ibid*. Later in January, the Postmaster emailed Chaba to tell him that the package had been redirected to a mail recovery center in Atlanta, to give him instructions on how to initiate a missing mail search, and to promise that he would help Chaba recover his package. *Ibid*.

Between March and May 2020, Chaba endured a fruitless cycle of submitting forms on the Postal Service's website, receiving automated responses thanking him for his inquiries, and hearing updates informing him that his package had still not turned up. *Ibid*.; *see id*. at 5-23. The Willow Springs Post Office was similarly unhelpful. *Id*. at 3. At some point, the Postal Service informed Chaba that they had disposed of his package. *Id*. at 2.

In June 2020, Chaba received a surprising Facebook message. *Id*. at 3. It came from a woman in Georgia (the U.S. state, not the country), who informed him that she had purchased an "undeliverable box" from the Postal Service containing "a lot of pictures and papers and [a] Polish passport" belonging to Chaba. *Id*. at 3, 29, 31. The woman told Chaba, "In Georgia you can buy packages from [the Postal Service] from whole the [sic] world[,] and then people, they

have stores and sell new and used items at their stores." *Id*. at 3. The woman returned some of Chaba's property, but most of the heirlooms that he had mailed in the package were "sold to a 4th party." *Ibid*.

## Discussion

At the outset, it is necessary to clear up exactly whom is being sued, under what law, and for what relief. Starting with the last question, neither Chaba's complaint, Doc. 1, nor his opposition to the motion to dismiss, Doc. 25, is clear as to the relief he seeks. The complaint asks the court, "Please help me to find justice and punish this negligence in the name of many people." Doc. 1 at 4. It also declares that "[t]hey will never pay me back [for] what I lost for[]ever!" *Ibid*.; *see also ibid*. ("[W]hat that box contained no[]body can replace even with a million dollars."). The court construes these utterances as rhetorical flourishes, not as a waiver of the right to seek money damages. Given the complaint's request that the court "help [Chaba] to find justice," *id*. at 4, and the fact that no other relief seems available, the court construes the complaint as seeking compensatory money damages for the harm caused by the misappropriation of Chaba's parcel. *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) ("We construe pro se complaints liberally, holding them to a less stringent standard than pleadings drafted by lawyers.").

As to the law under which Chaba brings suit, the complaint does not allege a legal theory. That is not problematic, as the Seventh Circuit has instructed, time and again, that "plaintiffs in federal court have no duty to allege legal theories." *Klein v. George G. Kerasotes Corp.*, 500 F.3d 669, 671 (7th Cir. 2007); *see also, e.g.*, *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 761 (7th Cir. 2016) ("Pleadings need not, and do not, allege legal theories."); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) ("One [misconception] is that a complaint must set

3

out, and that its validity depends on, a legal theory, such as 'due process' or 'equal protection.' That is not so … . A complaint must narrate a *claim*, which means a grievance such as 'the City violated my rights by preventing me from renovating my apartments.' Having specified the wrong done to him, a plaintiff may substitute one legal theory for another without altering the complaint."). Because this is a money damages suit against a federal agency, the natural legal basis for recovery is the FTCA. The Postal Service treats this suit as arising under the FTCA, Doc. 21 at 1; Doc. 26 at 1, and Chaba does not suggest any other legal theory under which he can state a claim, Doc. 25 at 1-2. So the court, too, deems this suit to have been filed under the FTCA. *See Moore v. Blair*, 557 F. App'x 577, 578 (7th Cir. 2014) ("We give pro se appellants leeway and do our best to discern the legal basis for their arguments … .").

As to the defendant(s), the complaint names just the "US Post Office," Doc. 1 at 1, which the Clerk's Office has construed to mean the Postal Service. The Government does not challenge that designation, but argues that "the Postal Service cannot be sued under the FTCA, as the United States is the only proper defendant in such an action." Doc. 21 at 2 n.2. That is incorrect. Under the Postal Reorganization Act, the FTCA "shall apply to tort claims arising out of activities of the Postal Service." Pub. L. No. 91-375, sec. 2, § 409(c), 84 Stat. 719, 725 (1970) (codified at 38 U.S.C. § 409(c)). And as the Supreme Court explained in *Dolan v. United States Postal Service*, 546 U.S. 481 (2006), "the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,'" and "also provides that the FTCA 'shall apply to tort claims arising out of activities of the Postal Service.'" *Id*. at 484 (citations and some internal quotation marks omitted) (first quoting 38 U.S.C. § 401(1), and then quoting *id.* § 409(c)). So Chaba is within his rights to name the Postal Service, not the United States, as the defendant.

4

Having cleared the underbrush, this is an FTCA suit against the Postal Service seeking money damages. But that fact implicates a deficiency that cannot be patched up—Chaba's failure to exhaust administrative remedies. *See Chronis v. United States*, 932 F.3d 544, 548 (7th Cir. 2019) (Barrett, J.) ("[T]here is a difference between generously construing a pro se complaint and effectively excusing a pro se plaintiff from the statutorily mandated exhaustion requirement.").

As noted, a suit against the Postal Service relating to its "activities" must comply with the FTCA. 39 U.S.C. § 409(c). And a prerequisite for pursuing an FTCA suit is administrative exhaustion: "An action shall not be instituted upon a claim against the United States for money damages … unless the claimant shall have first presented the claim to the appropriate Federal agency [here, the Postal Service] and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). By regulation, "a proper administrative claim under the FTCA contains four elements: (1) notification of the incident; (2) a demand for money damages in a sum certain; (3) the title or legal capacity of the person signing; and (4) evidence of the person's authority to represent the claimant." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) (citing 28 C.F.R. § 14.2(a)).

Chaba attached to his complaint, and once again submits with his opposition to the motion to dismiss, his extensive correspondence with postal authorities in Illinois and Georgia. Doc. 1 at 5-28; Doc. 25 at 3-22. Chaba confirmed at the motion hearing, Doc. 27, that those materials encompassed everything that he submitted to the Postal Service in connection with his package. Those materials demonstrate only Chaba's effort to *locate* his package. Chaba did not submit any claim or paper to the Postal Service in which he demanded *damages*—the relief he seeks in this suit. Doc. 21-1 (declaration from a supervisor at the Postal Service's National Tort

5

Center averring that there is no record of any administrative claim filed by Chaba). Chaba's failure to submit an administrative claim in which he, at the very least, notified the Postal Service that he wants to be compensated monetarily for his loss means that he has failed to exhaust. *See Smoke Shop*, 761 F.3d at 788 ("Unfortunately for [Chaba], we have never held that a request for the return of property—unaccompanied by a statement that the claimant would seek money damages if the property was not returned—satisfies § 2675(a). In fact, … we [have] said just the opposite."); *see also Chronis*, 932 F.3d at 547 ("To be sure, failing to put a number on the amount demanded is not necessarily fatal. It is 'only fatal if it can be said to have "hindered" or "thwarted" the settlement process "that Congress created as a prelude to litigation."' But a claimant who *neither* makes it clear that []he is demanding money from the agency *nor* says how much []he is demanding thwarts the settlement process envisioned by the FTCA.") (citations omitted) (quoting *Smoke Shop*, 761 F.3d at 787).

The court therefore dismisses the suit for failure to state a claim due to Chaba's failure to exhaust. The Postal Service seeks a slightly different disposition—dismissal for lack of subject matter jurisdiction. That disposition would be incorrect.

The Postal Service cites *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972), and *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015), for the proposition that the FTCA's exhaustion requirement is jurisdictional. Doc. 21 at 2 ("The administrative exhaustion requirement is a prerequisite that cannot be waived."). But the Seventh Circuit has repeatedly disavowed that aspect of *Best Bearings*. In *Smoke Shop*, for instance, the Seventh Circuit observed that "[s]everal courts consider 28 U.S.C. § 2675(a)'s exhaustion requirement to go to the court's subject-matter jurisdiction over the FTCA action," and acknowledged—citing its 1972 decision in *Best Bearings*—that "one of our early decisions

6

confronting the meaning of the FTCA's administrative claim requirement operated under this same assumption." *Smoke Shop*, 761 F.3d at 786 (citation omitted). But the Seventh Circuit proceeded to explain that it "no longer treats § 2675(a) as a jurisdictional prerequisite," *ibid*, which surely explains why Westlaw has affixed to *Best Bearings* a red flag. *See also Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) ("In *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008), … and the following year in *Collins v. United States*, 564 F.3d 833, 838 (7th Cir. 2009), we explained that the [FTCA's] requirement of exhausting administrative remedies is not jurisdictional … ."); *Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003) ("More recently, … we have questioned whether the exhaustion requirement and the statutory exceptions to the FTCA truly are jurisdictional in nature. … [T]he statutory prerequisites to suit and exceptions to governmental liability should instead be viewed as aspects of the plaintiff's statutory right to relief and, at the pleading stage, dealt with pursuant to Rule 12(b)(6).") (citations omitted).

The Supreme Court's 2015 decision in *Kwai Fun Wong* did not upend the Seventh Circuit's view. *Kwai Fun Wong* held that the FTCA's statute of limitations is not jurisdictional, relying on the fact that the FTCA's explicit jurisdictional grant, 28 U.S.C. § 1346(b)(1), does not "condition the … grant on the limitations periods," and explaining that "treating [the FTCA's] time bars as jurisdictional would thus disregard the structural divide built into the statute." 135 S. Ct. at 1633. *Kwai Fun Wong* did not discuss exhaustion, but its reasoning supports the proposition that the exhaustion requirement—which, like the time-bar rule, does not appear in § 1346(b)(1)—is not jurisdictional.

Nor does the Supreme Court's recent decision in *Brownback v. King*, 141 S. Ct. 740 (2021), change the analysis. The Court held in *Brownback* that the explicit jurisdictional

7

requirements in § 1346(b)(1) are *also* merits-based requirements, such that they trigger the FTCA's judgment bar. *See id*. at 747-50. But the Court did not suggest that the converse—that every merits-based FTCA requirement, such as exhaustion, is jurisdictional—is true as well.

The Postal Service is likewise wrong to argue that Chaba's suit must "be dismissed for lack of subject matter jurisdiction because his claim does not fall within the FTCA's general waiver of federal sovereign immunity." Doc. 21 at 3. The argument is premised on an exception to the FTCA's waiver of sovereign immunity, directed at suits involving the mail, for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

For starters, even if the Postal Service were correct that this suit fell within that exception, the court still would have subject matter jurisdiction. The Seventh Circuit has explained that the exceptions set forth in § 2680 concern only the scope of the United States's waiver of sovereign immunity, and—like the exhaustion rule—do not speak to the jurisdiction of the district courts. *See Parrott*, 536 F.3d at 634 ("One could not find the exceptions of § 2680 to be jurisdictional without at the same time giving jurisdictional status to the remainder of these provisions, including the exhaustion rule. … The statutory exceptions enumerated in § 2680(a)-(n) to the United States's waiver of sovereign immunity (found in § 1346(b)) limit the breadth of the Government's waiver of sovereign immunity, but they do not accomplish this task by withdrawing subject-matter jurisdiction from the federal courts."); *Palay*, 349 F.3d at 424 ("[T]he statutory prerequisites to suit and exceptions to governmental liability should … be viewed as aspects of the plaintiff's statutory right to relief and, at the pleading stage, dealt with pursuant to Rule 12(b)(6).").

In any event, Chaba's suit does not fall within the mail-related exception to the sovereign immunity waiver articulated in § 2680(b). Chaba alleges that the Postal Service *intentionally* misappropriated his parcel by selling it to a third party and misrepresenting its whereabouts when he inquired after it. Doc. 1 at 2-4; Doc. 25 at 1. That conduct cannot be characterized as mere "loss" or "negligent transmission." (Although the complaint refers at one point to "negligence," Doc. 1 at 4, the court does not construe that term in its legal sense, given that Chaba, by his own admission, "has no understanding of legal terminology," Doc. 25 at 1.) And in the context of mail, "miscarriage" refers to "a failure (as of a letter) to arrive at its destination." *Miscarriage*, *Webster's Third New International Dictionary* (1961) (def. 3a); *see also Miscarriage*, *Oxford English Dictionary* (def. 3a) (3d ed. updated June 2002) ("[t]he failure of a letter, etc., to reach its destination; delivery to the wrong recipient"). That, too, fails to describe Chaba's claim, for while his parcel did not reach its intended destination, what gives rise to his suit is what the Postal Service allegedly did to his parcel afterward.

Chaba's suit, therefore, is not excepted from the FTCA's coverage by § 2680(b). Nor is the suit excepted by § 2680(h), which removes from the FTCA's province many intentional torts, but does not mention conversion. *See Levin v. United States*, 568 U.S. 503, 507 n.1 (2013) ("Section 2680(h) does not remove from the FTCA's waiver all intentional torts, *e.g.*, conversion and trespass … ."); *cf. Smoke Shop*, 761 F.3d at 780-81 (addressing an FTCA suit alleging conversion by the Government). Chaba's complaint alleges, in so many words, that the Postal Service converted his property. *See Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill. 2013) ("To prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a

demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property.") (internal quotation marks omitted).

The court recognizes that because exhaustion is nonjurisdictional (*i.e.*, merits-based), it is somewhat anomalous to rely on evidence submitted by the Postal Service (here, a declaration showing that Chaba has not submitted an administrative claim) in holding under Rule 12(b)(6) that the complaint fails to state a claim. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) ("[W]hen the judge considers evidence outside the pleadings he must convert the defendant's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56 … ."); *see also Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 921 (7th Cir. 2018) (noting that exhaustion "is an affirmative defense in most … contexts"). But Chaba has already submitted all the evidence in his possession that might show exhaustion. Doc. 1 at 5-28; Doc. 25 at 3-22. Moreover, he "does not dispute the veracity" of the declaration submitted by the Postal Service, and thus "[]he was not deprived of 'the opportunity to conduct discovery and to present contrary evidence on a point of genuinely disputed fact.'" *Squires-Cannon v. White*, 864 F.3d 515, 517 (7th Cir. 2017) (quoting *Williamson v. Curran*, 714 F.3d 432, 442 (7th Cir. 2013)). Under those circumstances, a Rule 12(b)(6) dismissal remains appropriate. *See ibid*. Indeed, it is altogether routine for courts to dismiss on Rule 12(b)(6) grounds for failure to exhaust, both in FTCA cases and in other contexts in which administrative exhaustion is a prerequisite to suit. *See, e.g.*, *Chronis*, 932 F.3d at 546-49 (FTCA); *Smoke Shop*, 761 F.3d at 786-88 (FTCA); *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004-06 (7th Cir. 2019) (Title VII).

## Conclusion

The Postal Service's motion to dismiss is granted under Rule 12(b)(6). Because it rests on exhaustion grounds, the dismissal is without prejudice. *See Greene v. Meese*, 875 F.2d 639,

10

643 (7th Cir. 1989) ("[T]he proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims."). The court would be appreciative if counsel for the Postal Service were to assist Chaba in accessing the forms required to file the necessary administrative claim.

April 7, 2021

_____
United States District Judge